FILED & ENTERED

JUL 12 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zamora   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>BENJAMIN PAUL VALENTY<br><br>Debtor(s),<br><br>JOYCE SEXTON and TERRIE KIFER,<br><br>Plaintiff(s),<br><br>Vs.<br><br>BENJAMIN PAUL VALENTY,<br><br>Defendant(s). | Case No.: 6:11-bk-47321-SC<br><br>Adversary No.: 6:12-ap-01092-SC<br><br>Chapter: 7<br><br>**MEMORANDUM OF DECISION**<br><br>Hearing Date:<br>Date: June 27, 2012<br>Time: 10:00 a.m.<br>**Location: Video Hearing Room 126,<br>3240 Twelfth Street, Riverside, CA 92501**<br><br>and<br><br>**Ronald Reagan Federal Building & Court House, Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701** |

## I.    PROCEDURAL BACKGROUND

Plaintiffs, Joyce Sexton and Terrie Kifer ("Plaintiffs"), filed their complaint on March 19, 2012 [DK. 1] and their first amended complaint ("FAC") on March 23, 2012 [DK. 5]. Defendant Benjamin Paul Valenty ("Defendant") filed an answer to the FAC on April 9, 2012 [DK. 9]. Plaintiffs filed a "Notice of Motion and Motion for Summary Judgment" ("MSJ") on April 26,

1

2012 [DK. 10], asserting that no genuine issue of material fact exists as to their nondischargeability claim pursuant to 11 USC §523(a)(2)(A) because a previous judgment obtained in state court precludes re-litigation under the principle of issue preclusion. In support of the MSJ, Plaintiffs filed a "Declaration of Michael Brewer in Support of Motion for Summary Judgment" ("Declaration") [DK 11]. Defendant filed an untimely opposition on June 8, 2012 [DK 20]. Plaintiffs filed a timely reply on June 13, 2012 [DK 21]. Defendant filed a "Statement of Genuine Issues in Opposition to Motion for Summary Judgment" on June 19, 2012 ("Issues")[DK 22].

## II.    FACTUAL BACKGROUND

Plaintiffs claim they entered into multiple agreements with Defendant, who represented himself as the agent of artist Alexandra Nechita. (FAC, Exhibit 1, 3:11-15.) Plaintiffs claim that, notwithstanding the Defendant's assertion, Defendant was *not* an agent of Alexandra Nechita, and that Defendant had no actual authority to perform under the contracts. *Id.* Plaintiffs further allege that, as a result, they did not receive royalty fees, artwork and other benefits due to them under these contracts. *Id.* at 4:7-8.

On October 8, 2009, Plaintiffs filed suit against Defendant in the Superior Court of the State of California for the County of Orange ("Superior Court"), Case No. 30-2009-00309959, alleging multiple breach of contract and tort claims, including Count 8 for intentional misrepresentation. (Declaration, Exhibit 1.) On July 1, 2011, a jury trial commenced, which encompassed the presentation of evidence, arguments, and sworn witness testimony. (Declaration, Exhibit 2, 2:2-6.) The jury deliberated and returned a verdict on July 18, 2011. *Id.* On September 14, 2011, a judgment ("State Court Judgment") was entered by the Superior Court against the Defendant on multiple counts, including Count 8 for intentional misrepresentation. (Declaration, Exhibit 2.) The jury found the Defendant liable on each element of intentional misrepresentation, including that: (1) Defendant made a false representation of an important fact to Plaintiffs; (2) Defendant knew that the representation was false, or he made it recklessly and without regard for its truth; (3) Defendant intended that Plaintiffs rely on the representation; (4) Plaintiffs reasonably relied on the representation; and

(5) Plaintiffs' reliance on Defendant's representation was a substantial factor in causing Plaintiffs harm. *Id.* at 7-9. With respect to Count 8, while the jury did not find by clear and convincing evidence that Defendant engaged in conduct constituting fraud, Plaintiffs did receive a judgment against Defendant for economic damages in the sum of $50,250, plus interest thereon. *Id.* at 15: 8-12. It is undisputed that Defendant has not appealed this judgment and, further, that Defendant has made no payments in respect to this judgment. (Issues ¶3-4; Declaration ¶5.)

### III. **MOTION FOR SUMMARY JUDGMENT**

To be entitled to summary judgment, Plaintiffs must establish that there is "no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which may affect the outcome of the case. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In determining summary judgment, a court uses a burden-shifting scheme whereby when the party moving for summary judgment bears the burden of proof at trial, it must come forward with evidence entitling it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Under §523(a)(2)(A), an individual is not entitled to a discharge from any debt for money obtained by false pretenses or false representation. Plaintiffs assert that they are entitled to summary judgment on their claim for nondischargeability pursuant to 11 USC §523(a)(2)(A)

because the underlying State Court Judgment should be precluded from relitigation by the doctrine of Issue Preclusion.

## IV. ISSUE PRECLUSION

Issue preclusion prevents the relitigation of issues "that were actually litigated and necessarily decided" in a prior proceeding. *Ribi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988) (citing *Segal v. American Tel. & Tel. Co.,* 606 F.2d 842, 845 (9th Cir. 1979)). Principles of issue preclusion apply to proceedings that seek exceptions from discharge brought under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued. *Gayden v. Nourbakhsh (In re Nourbakhsh),* 67 F.3d 798, 800 (9th Cir. 1995) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)). In California, "collateral estoppel precludes relitigation of issues argued and decided in prior proceedings." *Lucido v. Superior Court,* 51 Cal. 3d 335 (Cal. 1990). California courts will apply collateral estoppel only if the following requirements are met: (1) the issue to be precluded from relitigation must be identical to that decided in a former proceeding; (2) this issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as the party to the former proceeding. *Id.* at 341. "The party asserting collateral estoppel bears the burden of establishing these requirements." *Id.*

1. <u>The issues precluded are identical to those decided in a former proceeding.</u>

Section 523(a)(2)(A) requires that a creditor seeking to prove nondischargeability must establish that: (1) the debtor made a misrepresentation; (2) the debtor knew at the time the representation was false; (3) the debtor made the misrepresentation with the intention of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damage as the proximate result of the representation. *Cossu v. Jefferson Pilot Sec. Corp.*, 410 F.3d 591, 596 (9th Cir. 2005); *Harmon v. Korbin*, 250 F.3d 1240, 1246 (9th Cir.

2004); *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman),* 234 F.3d 1081, 1085 (9th Cir. 2000); *Apte v. Japra (In re Apte),* 96 F.3d 1319, 1322 (9th Cir. 1996*); In re Britton*, 950 F.2d 602, 604 (9th Cir. 1991). The state court judgment finds Defendant liable of the following: (1) Defendant made a false representation of an important fact to Plaintiffs; (2) Defendant knew that the representation was false, or he made it recklessly and without regard for its truth; (3) Defendant intended that Plaintiffs rely on the representation; (4) Plaintiffs reasonably relied on the representation; and (5) Plaintiffs' reliance on Defendant's representation was a substantial factor in causing Plaintiffs harm. (Declaration, Exhibit 2, 7-9.) Therefore, the issues before this Court are identical to the issues previously litigated in state court.

2. <u>The issues before this Court were actually litigated in the former proceeding.</u>

The issues today are the same as were litigated in the state court proceeding.

3. <u>The issues were necessarily decided in the former proceeding.</u>

The determination that Defendant is liable for each element of intentional misrepresentation was essential to the verdict in the underlying state court action.

4<u>. The decision in the former proceeding is final and on the merits.</u>

The state court judgment was determined by a jury verdict. It was, therefore, determined on its merits. In addition, the state court judgment is final because the time for appeal has expired without Defendant filing an appeal. (Cal. Rule of Court 8.104(a); Declaration, ¶5.)

5. <u>The party against whom preclusion is sought was a party in the former proceeding.</u>

The Defendant in the action before this Court is the same individual against whom judgment was entered against in state court. (Declaration, Exhibit 2.)

**V.    STANDARD OF PROOF**

The Defendant's sole argument in his opposition is that the jury did not find by clear and convincing evidence that Defendant engaged in conduct constituting fraud. However, that higher standard is not applicable here. This higher standard was presented to the jury distinct from the issue of liability in order to determine if additional damages, i.e., punitive damages, should be imposed. The California Civil Code §3294 states that punitive damages are

available in a tort action if it is proven by clear and convincing evidence that the defendant is guilty of fraud. However, the standard of proof for dischargeability under 11 U.S.C. §523(a)(2) is the "ordinary preponderance-of-the-evidence standard." *Grogan v. Garner*, 498 U.S. 279, 291 (1991). Likewise, the burden of proof required in a fraud case is no more than a preponderance of the evidence standard. *Sierra Nat. Bank v. Brown,* 18 Cal. App. 3d 98 (1971). Furthermore, a judgment based on a state court jury verdict for fraud is entitled to collateral estoppel effect. See *In re Diamond*, 285 F.3d 822, 827-828 (9th Cir. 2002)(concluding that an issue met the standards for preclusive effect when decided by a state court jury verdict).

## VI.    CONCLUSION & ORDER

As all of the aforementioned elements are satisfied, the previous judgment in Superior Court precludes the Defendant from re-litigating the fraud claim in this Court. As a result, Defendant's debt is nondischargeable under 11 U.S.C. §523(a)(2)(A). Accordingly, no genuine issue of material fact exists in this matter so summary judgment is appropriate.

In accordance with my Memorandum of Opinion this date,

**IT IS HEREBY ORDERED** that Plaintiffs Motion for Summary Judgment be GRANTED.

DATED: July 12, 2012

United States Bankruptcy Judge

6

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM OF DECISION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **7/12/12**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

   - Howard B Grobstein (TR)    hbgtrustee@crowehorwath.com, hgrobstein@ecf.epiqsystems.com
   - Mark A Serlin    mserlin@globelaw.com
   - United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

   ☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

   Benjamin Paul Valenty
   7697 Lady Banks Loop
   Corona, CA 92883

   ☐ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

   ☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9021-1.1.NOTICE.ENTERED.ORDER**